HATHAWAY, SOULE & HARRINGTON v. C. M. HENDERSON & CO.

EVIDENCE — *General Finding, When Not Set Aside.* Where there is sufficient evidence to uphold a general finding of the court, such finding will not be set aside by the supreme court, although there may be other evidence against such finding.

*Error from Lyon District Court.*

REPLEVIN by *Hathaway, Soule & Harrington* against *C. M. Henderson & Co.,* to recover of defendants certain goods

—a certain invoice of shoes—bought by one F. J. Doan of the plaintiffs, and by Doan turned over to defendants, with his entire stock, in payment of an antecedent debt. Trial by the court. On January 17, 1887, a general finding for the defendants, and a judgment thereon that they recover of the plaintiffs their costs herein. The plaintiffs bring the case here. The opinion contains a sufficient statement of the facts.

*Kellogg & Sedgwick*, for plaintiffs in error.

*Buck & Feighan*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an *action of* replevin, brought in the district court of Lyon county, on September 10, 1884, by Hathaway, Soule & Harrington, against C. M. Henderson & Co., for the recovery of a certain lot of shoes. The case was tried before the court without a jury, and the court found generally in favor of the defendants and against the plaintiffs, and rendered judgment in favor of the defendants and against the plaintiffs for costs, and the plaintiffs, as plaintiffs in error, bring the case to this court.

Many of the facts and the principal questions of law involved in this case are precisely the same as those which were involved in the cases of *Henderson v. Gibbs*, and *Henderson v. Creamer*, just decided. There are some differences, however. In the two cases just decided, only one purchase of goods was made by Frank J. Doan either from Gibbs & Allen, or from Creamer Brothers, while in this case Doan had been dealing with the plaintiffs, Hathaway, Soule & Harrington, for several months before the final purchase of the goods which are now in controversy. Hathaway, Soule & Harrington were at the time of the aforesaid dealings, and still are, manufacturers of shoes at New Bedford, Massachusetts, and dealers in shoes at Boston, Massachusetts, and this last purchase was of shoes, and was made by Doan with the agent of the plaintiffs below, on May 1, 1884. The goods were to be delivered by July 15, 1884, and the bill for them was to be dated September 1, 1884. Doan commenced to deal with the plaintiffs below in the fall

of 1883, and prior to this last purchase had purchased from them goods amounting in the aggregate to $1,055.13, and had paid for them; and when he bought this last lot of goods nothing was said or done by him that looked suspicious, except that he did not disclose his insolvency, and wanted the time for payment for the goods postponed to a later day than is usual in such cases. This last sale was possibly made by the plaintiffs upon the strength of the prompt payments previously made by Doan to them for the goods previously purchased by him from them, and the favorable replies concerning him from commercial agents. There was evidence tending to show fraud on the part of Doan, and if the court below had found such fraud, it is possible that we could not set aside such finding. But the court below did not make any such finding. On the contrary, it found otherwise. The court in effect found that the transaction between Doan and the plaintiffs was in good faith on the part of Doan; and taking the entire evidence in the case, we cannot say that such finding is erroneous. We think it would be useless to discuss the evidence in detail. There was sufficient evidence to uphold the decision of the court below, and in such a case this court will not set aside a finding of the court below for insufficiency of the evidence, although there may be some evidence against the finding. With reference to the continued purchase of goods by an insolvent customer who fails to disclose his insolvency, see the case of *Kelsey v. Harrison*, 29 Kas. 143.

The judgment of the court below will be affirmed.

All the Justices concurring.